**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LARRY D. NICHOLAS,** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | |
| **MR. GEORGE PATRICK, THE** | **NO.  06-1680** |
| **DISTRICT ATTORNEY OF THE** | |
| **COUNTY OF PHILADELPHIA, and THE** | |
| **ATTORNEY GENERAL OF THE STATE** | |
| **OF PENNSYLVANIA,** | |
| **Respondents.** | |

**DuBois, J.**                                                                                    **May 11, 2015**

**M E M O R A N D U M**

### I.        INTRODUCTION

<u>Pro se</u> petitioner Larry D. Nicholas ("petitioner") is a state prisoner presently serving a mandatory life sentence following his conviction in Pennsylvania state court for the first-degree murder of Victor Garrett. Presently before the Court are petitioner's <u>Hazel-Atlas</u> Motion and Supplemental <u>Hazel-Atlas</u> Motion (collectively, "<u>Hazel-Atlas</u> Motions"). For the reasons set forth below, petitioner's <u>Hazel-Atlas</u> Motions are denied.

### II.        BACKGROUND

In April of 2006, petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. Claim One of the § 2254 Petition asserted that trial counsel was ineffective in failing to move to suppress the eyewitness identification by Garrett's girlfriend, Tahirah Smith, of petitioner as the perpetrator. By Order dated January 16, 2007, the Court denied petitioner's § 2254 Petition in its entirety. In doing so, the Court approved and adopted the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas J. Rueter

dated December 22, 2006, which stated, inter alia, that habeas relief was unwarranted because, in light of the testimony at trial, "[Tahirah Smith's] identification of petitioner as the murderer was reliable and such evidence need not have been suppressed." (R & R, Document No. 10, at 12.)

Petitioner filed his original Hazel-Atlas Motion on September 17, 2014. He subsequently filed a Supplemental Hazel-Atlas Motion on December 15, 2014. In the Motions, petitioner argues that, pursuant to Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238 (1944),[1] the Court should "equitably review" its denial of his original § 2254 Petition because Judge Gary S. Glazer — the Philadelphia Court of Common Pleas judge who presided over petitioner's trial in state court and who later dismissed petitioner's state court petition for post-conviction relief ("PCRA petition") by Opinion dated November 9, 2004 ("2004 Opinion") — committed a fraud upon this Court. Specifically, petitioner contends that Judge Glazer intentionally mislead this Court by falsely stating in his 2004 Opinion that petitioner's picture was not included in a photo array that was shown to Tahirah Smith by the detectives investigating the murder of Victor Garrett. See Com. v. Nicholas, No. 3248-EDA-2004, 2004 WL 5391374 (Pa. Ct. Com. Pl., Nov. 9, 2004) (Glazer, J.) (dismissing petitioner's PCRA petition). According to petitioner, Judge Glazer knew that petitioner's picture was included in that photo array, and thus that Smith's identification of petitioner was "tainted and unnecessarily suggestive" because she was only able

---

[1]     In Hazel–Atlas Glass Co. v. Hartford–Empire Co., the Supreme Court ruled that "under certain circumstances, one of which is after-discovered fraud," a court may exercise its equitable powers to vacate judgments "to fulfill a universally recognized need for correcting injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to the finality of judgments. 322 U.S. 238, 244 (1944), overruled on other grounds by Standard Oil Co. v. United States, 429 U.S. 17 (1976). In the Hazel–Atlas case, the Supreme Court exercised this power with respect to a "deliberately planned and carefully executed scheme to defraud" a federal court of appeals. Id. at 245.

2

to identify petitioner after detectives separately showed her a single photograph of him.[2] As set forth below, the Court rejects petitioner's claim as wholly without merit.

III.   **DISCUSSION**

A.   **Petitioner's <u>Hazel-Atlas</u> Motions Are Not Second or Successive Habeas Petitions**

The Court must first determine whether petitioner's <u>Hazel-Atlas</u> Motions are in essence second or successive habeas petitions. Such a ruling is required because the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to obtain certification from the appropriate Court of Appeals authorizing the District Court to address a second or successive habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

A motion is treated as a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005). It is only when a motion is premised on an alleged defect in the federal habeas proceeding itself that the motion may be considered by the District Court without the need for the prior approval of the Court of Appeals. <u>Id.</u>

The Court concludes that petitioner's <u>Hazel-Atlas</u> Motions are not second or successive habeas petitions. Rather than attacking his underlying conviction or sentence, the Motions

---

[2]   Petitioner previously raised a similar argument in two Motions filed pursuant to Federal Rule of Civil Procedure 60. The Court dismissed both of those Motions as second or successive habeas petitions. <u>See</u> Order dated November 30, 2012; Order dated February 5, 2014. Despite the similarity of the arguments raised in petitioner's <u>Hazel-Atlas</u> Motions to those raised in his prior Rule 60 Motions, the Court cannot apply the same analysis employed in addressing motions filed pursuant to Rule 60 because the Third Circuit has stated that an "'independent action alleging fraud upon the court is completely distinct from a motion under [that Rule].'" <u>United States v. Burke</u>, No. 05–5277, 2006 WL 2135044, *1 (3d Cir. 2006) (quoting <u>Herring v. United States</u>, 424 F.3d 384, 389 (3d Cir. 2005)). Thus, the Court will analyze petitioner's <u>Hazel-Atlas</u> Motions independently from the standards used for motions filed pursuant to Rule 60.

purport to challenge, pursuant to Hazel–Atlas Glass Co. v. Hartford–Empire Co., the validity of this Court's January 16, 2007 Order denying petitioner's § 2254 Petition in light of the alleged fraud committed upon this Court by Judge Glazer. The Motions thus attack the manner in which petitioner's habeas petition was denied and are therefore properly treated as "'independent action[s] alleging fraud upon the court," United States v. Burke, 193 F. App'x 143, 144 (3d Cir. 2006) (non-precedential), not second or successive habeas petitions. See United States v. Rodriguez, No. 98-362-12, 2012 WL 162297, at *5 (E.D. Pa. Jan. 18, 2012) ("[W]hen a Hazel-Atlas claim seeks relief based on fraud on the habeas court, it is not a collateral attack on the prisoner's judgment of conviction or sentence and should not be treated as a successive habeas petition [under § 2254] or [a] § 2255 motion.").

**B.      Petitioner's Hazel-Atlas Motions Fail on the Merits**

Although petitioner's Hazel-Atlas Motions are not second or successive habeas petitions, they are both entirely without merit.

"In order to meet the necessarily demanding standard for proof of fraud upon the court [under Hazel-Atlas Glass Co. v. Hartford–Empire Co.] . . . there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386–87 (3d Cir. 2005). "[A] determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and . . . it must be supported by clear, unequivocal and convincing evidence." Id. Examples of such "egregious misconduct" include "bribery of judges, employment of counsel to 'influence' the court, bribery of the jury, and involvement of an attorney (an officer of the court) in the perpetration of fraud." Cavalier Clothes, Inc. v. Major Coat Co., No. 89–3325, 1995 WL 314511, at *7 (E.D. Pa. May 18, 1995).

Petitioner has failed to meet this rigorous standard. He has not presented any evidence, much less the "clear, unequivocal and convincing evidence" required by Hazel-Atlas, demonstrating the existence of a "deliberately planned and carefully executed scheme" by a court officer to defraud this Court. Instead, petitioner relies on the unsubstantiated and incredible allegation that Judge Glazer intentionally made false statements in his 2004 Opinion with the purpose of misleading this Court into denying petitioner's § 2254 Petition three years later. Hazel-Atlas, 322 U.S. at 245; see also Herring, 424 F.3d at 386-387. There is no evidence to support such a claim.

In any event, there is no fraud. Judge Glazer's conclusion in his 2004 Opinion that Tahirah Smith did not identify petitioner in the photo array she was shown because petitioner's photograph was not included in that set of photographs was amply supported by, inter alia, the trial testimony of Smith in which she stated that she had "no doubt" that petitioner was the man she saw shoot Victor Garrett, and that she did not identify petitioner in the photo array because petitioner's photograph "wasn't in there." (Gov't Supplemental Resp. to Mot., Ex. C, Trial Tr., January 10, 2001, at 187–88, 199.) As petitioner has failed to present any evidence that "an officer of the court" committed an "intentional fraud" that was "directed at" and "in fact deceive[d]" this Court, Herring, 424 F.3d at 386-387, the Court denies petitioner's Hazel-Atlas Motions as wholly without merit.

### C.    Certificate of Appealability

A certificate of appealability shall issue only if the movant establishes "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Morris

v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); 28 U.S.C. § 2253(c). The Court concludes that petitioner has not made such a showing with respect to his Hazel-Atlas Motions. Thus, a certificate of appealability shall not issue.

**IV.     CONCLUSION**

  For the foregoing reasons, petitioner's Hazel-Atlas Motion and Supplemental Hazel-Atlas Motion are denied. An appropriate order follows.