IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY D. NICHOLAS,<br>              Petitioner,<br><br>       v.<br><br>MR. GEORGE PATRICK, THE<br>DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADELPHIA, and THE<br>ATTORNEY GENERAL OF THE STATE<br>OF PENNSYLVANIA,<br>              Respondents. | CIVIL ACTION<br><br><br><br>NO.  06-1680 |

DuBois, J.                                                                                      July 6, 2015

**M E M O R A N D U M**

## I.      INTRODUCTION

Pro se petitioner Larry D. Nicholas ("petitioner") is a state prisoner presently serving a mandatory life sentence following his conviction in Pennsylvania state court for the first-degree murder of Victor Garrett. Presently before the Court is petitioner's Rule 59(e) Motion, which the Court construes as a motion for reconsideration of the Court's Memorandum and Order dated May 11, 2015. For the reasons set forth below, petitioner's Rule 59(e) Motion is denied.

## II.      BACKGROUND

In April of 2006, petitioner filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. As relevant here, Claim One of the § 2254 Petition asserted that petitioner's trial counsel was ineffective in failing to move to suppress the eyewitness identification by Garrett's girlfriend, Tahirah Smith, of petitioner as the perpetrator. By Order dated January 16, 2007, the Court denied petitioner's § 2254 Petition in its entirety. In doing so, the Court approved and adopted the Report and Recommendation ("R & R") of United States

Magistrate Judge Thomas J. Rueter dated December 22, 2006, which stated, inter alia, that

habeas relief was unwarranted because, in light of the testimony at trial, "[Tahirah Smith's]

identification of petitioner as the murderer was reliable and such evidence need not have been

suppressed." (R & R, Document No. 10, at 12.)

On September 17, 2014, petitioner filed a Hazel-Atlas Motion. He subsequently filed a

Supplemental Hazel-Atlas Motion on December 15, 2014. In the Motions, petitioner argued that,

pursuant to Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238 (1944),[1] the Court

should "equitably review" its denial of his original § 2254 Petition because Judge Gary S. Glazer

— the Philadelphia Court of Common Pleas judge who presided over petitioner's trial in state

court and who later dismissed petitioner's state court petition for post-conviction relief ("PCRA

petition") by Opinion dated November 9, 2004 ("2004 Opinion") — committed a fraud upon this

Court. Specifically, petitioner asserted that Judge Glazer intentionally mislead this Court by

falsely stating in his 2004 Opinion that petitioner's picture was not included in a photo array that

was shown to Tahirah Smith by the detectives investigating the murder of Victor Garrett. See

Com. v. Nicholas, No. 3248-EDA-2004, 2004 WL 5391374 (Pa. Ct. Com. Pl., Nov. 9, 2004)

(Glazer, J.) (dismissing petitioner's PCRA petition). According to petitioner, Judge Glazer knew

that petitioner's picture was included in that photo array, and thus that Smith's identification of

petitioner was "tainted and unnecessarily suggestive" because she was only able to identify

petitioner after detectives separately showed her a single photograph of him.

---

[1]     In Hazel–Atlas Glass Co. v. Hartford–Empire Co., the Supreme Court ruled that "under
certain circumstances, one of which is after-discovered fraud," a court may exercise its equitable
powers to vacate judgments "to fulfill a universally recognized need for correcting injustices
which, in certain instances, are deemed sufficiently gross to demand a departure from rigid
adherence" to the finality of judgments. 322 U.S. 238, 244 (1944), overruled on other grounds by
Standard Oil Co. v. United States, 429 U.S. 17 (1976). In the Hazel–Atlas case, the Supreme
Court exercised this power with respect to a "deliberately planned and carefully executed scheme
to defraud" a federal court of appeals. Id. at 245.

By Memorandum and Order dated May 11, 2015, the Court denied petitioner's <u>Hazel-Atlas</u> Motions. Although the Court concluded that the Motions were not second or successive habeas petitions, the Court rejected both Motions as wholly without merit because petitioner failed to present any evidence, much less the clear, unequivocal, and convincing evidence required by <u>Hazel-Atlas</u>, demonstrating the existence of a deliberately planned and carefully executed scheme by a court officer to defraud this Court.

Presently before the Court is petitioner's Rule 59(e) Motion, which the Court construes as a motion for reconsideration of the Court's Memorandum and Order dated May 11, 2015. In his Rule 59(e) Motion, petitioner again challenges the reliability of Tahirah Smith's eyewitness identification of him as the person who murdered Victor Garrett and re-asserts the same arguments raised in his <u>Hazel-Atlas</u> Motions.

## III.     DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion filed under Rule 59(e) is treated as a motion for reconsideration. <u>See</u> <u>Barner v. Williamson</u>, 461 F. App'x 92, 97 (3d Cir. 2012); <u>Peterson v. Brooks</u>, No. 07-2442, 2008 WL 4072700, at *1 (E.D. Pa. Aug. 29, 2008). Three situations justify granting a motion for reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court issued the judgment; or (3) the need to correct a clear error of law or fact or to prevent "manifest injustice." <u>Max's Seafood Cafe v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>Dimensional Music Publ., LLC v. Kersey</u>, No. 05-6347, 2006 WL 1983189, at *1 (E.D. Pa. July 12, 2006). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Cont'l Cas. Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. March 27, 1995); <u>see also</u> <u>Porter v.</u>

NationsCredit Consumer Discount Co., 2006 WL 1737544, *2 (E.D. Pa. June 22, 2006).

In his Rule 59(e) Motion, petitioner does not allege that the law has changed or that new evidence has become available since the Court issued its Memorandum and Order on May 11, 2015. Instead, he argues that his Motion should be granted to correct "manifest errors of law or fact" in the May 11, 2015 Memorandum and Order. In support of this contention, petitioner raises the same arguments that this Court previously addressed and rejected in denying petitioner's Hazel-Atlas Motions as wholly without merit. As such, petitioner has failed to provide any basis for reconsidering the Court's May 11, 2015 Memorandum and Order. See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) ("[A] motion to alter or amend a judgment pursuant to Rule 59(e) . . . [is] not to be used as an opportunity to relitigate the case."). Accordingly, petitioner's Rule 59(e) Motion is denied.

## IV.    CONCLUSION

For the foregoing reasons, petitioner's Rule 59(e) Motion is denied. An appropriate order follows.